**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
(973) 597-9100
Jay L. Lubetkin, Esq.
*Counsel to Jay L. Lubetkin,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 13-14820 (RG) |
| CIRCLE 10 RESTAURANT, LLC, | Chapter 7 |
| Debtor. | Honorable Rosemary Gambardella |

**APPLICATION FOR ORDER CONFIRMING THE REJECTION BY OEPRATION OF LAW OF RIGHT OF FIRST REFUSAL AGREEMENT, OR ALTERNATIVELY, AUTHORIZING REJECTION OF ALLEGED INTEGRATED LEASE, RIGHT OF FIRST REFUSAL AGREEMENT, AND OTHER AGREEMENTS, IF ANY, ARISING OUT OF OR RELATED TO THAT OCTOBER 20, 2010, TRANSACTION BETWEEN THE DEBTOR AND LIM CHEW CORP., AND FOR OTHER RELIEF**

The Application of Jay L. Lubetkin, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Circle 10 Restaurant, LLC (the "Debtor"), by and through his attorneys, Rabinowitz, Lubetkin & Tully, LLC, for the entry of an Order confirming the rejection by operation of law of the Right of First Refusal Agreement between the Debtor (the "Debtor") or Lim Chew Corp (the "Landlord"), or alternatively, authorizing rejection of that alleged integrated Lease, Right of First Refusal Agreement, and such other agreements, if any, arising out of or relating to the October 20, 2010, transactions between. the Landlord and the Debtor, and for other relief, respectfully shows unto the Court as follows:

1.     On March 8, 2013, the Debtor filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the United States Bankruptcy Code.

2. On March 11, 2013, Jay L. Lubetkin was appointed Chapter 7 Trustee for the Debtor, and on March 13, 2013, the Trustee filed pleadings seeking entry of an Order authorizing the retention of Rabinowitz, Lubetkin & Tully, LLC as counsel to the Trustee, and the Court entered an Order on April 11, 2013, approving such retention.

3. The Debtor previously operated a Mexican themed restaurant known as "Margarita's" located at 372 West Mount Pleasant Avenue, Livingston, New Jersey.

4. The Debtor stopped operating on or before September 30, 2012, and prior to the commencement of its bankruptcy proceeding, substantially all of its personalty was sold at auction and the proceeds were paid to a secured creditor.

5. In connection with its operation of Margarita's, the Debtor leased the real property located at 372 West Mount Pleasant Avenue, Livingston, New Jersey, from the Landlord pursuant to a Lease Agreement dated October 20, 2010 (the "Lease"). Simultaneously with the execution of the Lease, also on October 20, 2010, the Debtor purchased from the Landlord that Class C Retail Plenary Consumption Liquor License (the "Liquor License") bearing license number 0710-33-020-007. The Debtor's purchase price for the Liquor License was $600,000, payable $100,000 down and $500,000 pursuant to an October 20, 2010, Promissory Note in favor of the Landlord. Also on October 20, 2010, the Debtor executed a Right of First Refusal Agreement ("ROFR") pursuant to which, in circumstances where the Debtor received an offer for the purchase of its Liquor License, the Landlord would have the right of first refusal to purchase the Liquor License pursuant to a certain formula. The Lease is attached as Exhibit "A" to the Landlord's Objection to the sale of the Liquor License, the Promissory Note is attached as Exhibit "B" to the Lease, and the ROFR is attached as Exhibit "C" to Landlord's Objection.

6. The Liquor License was appraised by A. Atkins Appraisal Corp. for $400,000, and the Trustee has received qualified offers to sell the Liquor License for $500,000 and $535,000. An auction of the Liquor License is scheduled to take place on May 23, 2013, with the hearing on approval of the sale scheduled immediately thereafter.

7. Prior to the commencement of the within bankruptcy proceeding, and as previously outlined in the Trustee's prior Application for the entry of an Order authorizing the sale of the Liquor License, and despite the purported existence of the ROFR and the Landlord's alleged right to purchase the Liquor License for a mere approximately $160,000, the Landlord and the Debtor engaged in protracted negotiations respecting the potential sale by the Debtor to the Landlord of the Liquor License for a purchase price in excess of $400,000. The Trustee respectfully submits that such conduct by the Landlord constitutes a waiver of any purported right under the ROFR to purchase the Liquor License for a mere $160,000.

8. As the Court is well aware, the Court has entered an Order approving bidding procedures respecting the Trustee's sale of the Liquor License, which Order was obtained with the active participation of, and consent by, the Landlord. The Trustee submits that such active participation by the Landlord in the consensual resolution of the bidding procedures Order constitutes a further waiver of any purported right to purchase the estate's Liquor License for a mere $160,000.

9. Notwithstanding the foregoing, on May 16, 2013, and only one week before the anticipated auction for the sale of the estate's Liquor License and the Court hearing on the approval of the sale of the Liquor License, the Landlord filed an Objection to the Trustee's proposed sale asserting its entitlement to purchase the Liquor License pursuant to the ROFR for the relatively meager sum of approximately $160,000.

10. As a result, in an abundance of caution, the Trustee is filing the within Application for the entry of an Order confirming the rejection by operation of law of the ROFR, or alternatively, authorizing the rejection of the integrated Lease, ROFR, and any other further agreements, if any, arising out of the October 20, 2010, transactions between the Debtor and the Landlord.

11. As concerns the ROFR, the Trustee shows that such constitutes an executory contract under the provisions of the Bankruptcy Code as it requires prospective obligations of both the Debtor and the Landlord. In particular, under the ROFR, if the Debtor receives an offer for the purchase of its Liquor License, it is obligated to provide notice of the offer to the Landlord. Further, in such circumstances, the Landlord, in turn, has an obligation within fifteen days to exercise its purported option to purchase. Courts have routinely deemed right of first refusal agreements to be executory contracts. See, Kellstrom Indus. Inc., (Bankr. D. Del. 2002); In re RoomStore, Inc., 473 B.R. 107 (Bankr. E.D. Va. 2012).

12. As an executory contract, the ROFR was deemed rejected on May 7, 2013. 11 U.S.C. § 365(d)(1).

13. Rejection of the ROFR was clearly in the best interests of the within bankruptcy estate and a good faith exercise of the Trustee's business judgment from the perspective of the paramount interest of creditors. The Trustee is in receipt of offers for the purchase of the estate's Liquor License for $500,000 and $535,000, sums vastly in excess of the $160,000 purchase price which the Landlord believes it is entitled to enforce under the ROFR. By allowing the rejection of the ROFR, the estate will benefit from being able to consummate the sale of the Liquor License unencumbered by any purported rights held by the Landlord, while at the same time, the Landlord can assert its rejection damages in a properly filed proof of claim and recover its pro

4

rata share of the portion of the Liquor License sale proceeds that are ultimately available to general unsecured creditors.

14. To the extent the Court believes the ROFR to be somehow an integrated part and parcel of the Lease, which has not yet been rejected by operation of law, the Trustee respectfully requests rejection now.

15. The Trustee shows that rejection is the appropriate exercise of his good faith business judgment. The Trustee has direct, general knowledge of the market for commercial premises in the area immediately surrounding the Debtor's former business premises, as the Trustee's own law office is essentially across the street from the Debtor's former premises, and since further, the Trustee recently represented an independent third-party tenant in a lease negotiation for premises on the same road less than one-quarter mile away from the Debtor's premises. Additionally, the Trustee is aware of significant commercial vacancies in and around the area, and on the same street, in close proximity to the Debtor's former premises. The Trustee respectfully submits that the Lease has no value for the benefit of the within bankruptcy estate and in the exercise of his good faith business judgment, submits the Lease and all related integrated documents that are a part thereof, including allegedly the ROFR, should be rejected.

16. The Trustee further shows that to the extent the Lease and the ROFR are part and parcel of an integrated business transaction which took place on October 20, 2010, and because elimination of the Debtor's obligations under the ROFR are so beneficial to the within bankruptcy estate, rejection of the Lease, and the ROFR (to the extent not previously rejected by operation of law) is also justified on such basis as well.

17. Accordingly, the Chapter 7 Trustee respectfully requests entry of the Order submitted herewith confirming the prior rejection by operation of law of the ROFR, or

alternatively, authorizing the rejection of the alleged integrated Lease and ROFR between the Debtor and the Landlord.

**WHEREFORE**, Jay L. Lubetkin, Chapter 7 Trustee for the bankruptcy estate of Circle 10 Restaurant, LLC respectfully requests entry of the Order submitted herewith.

                              **RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
                              *Attorneys for Chapter 7 Trustee*

                              By: /s/ Jay L. Lubetkin
                                   JAY L. LUBETKIN

DATED:  May 20, 2013

F:\Client_Files\A-M\Circle 10\Lease Rejection - Application.doc