# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

ATTORNEYS AT LAW

| | | |
|---|---|---|
| JONATHAN I. RABINOWITZ* | 293 EISENHOWER PARKWAY • SUITE 100 | * MEMBER NJ & NY BARS |
| JAY L. LUBETKIN ∆ | LIVINGSTON, NEW JERSEY 07039 | ∆ MEMBER NJ & GA BARS |
| MARY ELLEN TULLY + | TELEPHONE: (973) 597-9100 • FACSIMILE: (973) 597-9119 | + MEMBER NJ & PA BARS |
| BARRY J. ROY* ▫ | WWW.RLTLAWFIRM.COM | ▫ MEMBER MA BAR |
| LAURA E. QUINN* | | |
| JOHN J. HARMON* | | |

May 22, 2013

Via ECF and E-mail chambers_of_rg@njb.uscourts.gov

Honorable Rosemary Gambardella
United States Bankruptcy Court
M.L. King Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

    Re:    **In re Circle 10 Restaurant, LLC**
             **Chapter 7**
             **Case No. 13-14820 (RG)**

             **Matters Relating to Trustee Request for Approval of Sale of Liquor License**
             **Hearing Date: May 23, 2013 at 11:00 a.m.**

Dear Judge Gambardella:

    Please accept this letter in lieu of a more formal initial, supplementary submission relating to the above-referenced matters.

    In particular, during the conference call conducted on May 21, 2013, Your Honor asked whether the Objection to the proposed sale of the liquor license filed by Lim Chew Corp. (the "Landlord"), asserting its entitlement to purchase the license for a substantially below market price of approximately $160,000, was anticipated by the parties at the time of the Trustee's original sale application or the hearing on the bidding procedures order.

    From the subjective perspective of the Chapter 7 Trustee, the answer to the Court's inquiry is unequivocally, such an objection was <u>not anticipated</u>. In fact, as indicated in the conference call, the expectation of the Chapter 7 Trustee was that the Landlord would actively participate as a competitive bidder at the auction respecting the sale of the liquor license.

Honorable Rosemary Gambardella
May 22, 2013
Page 2

The Trustee's belief in this regard was premised on the following:

1. Firstly, on March 26, 2013, approximately two weeks prior to the filing by the Trustee of the initial liquor license sale pleadings, the Trustee received a written offer from the Landlord to purchase the liquor license for $505,000. A copy of such offer letter is attached hereto as Exhibit "A". Having made an offer in writing for the purchase of the liquor license for $505,000, the Trustee could have no subjective expectation that the Landlord would subsequently express to the Court some entitlement to purchase the liquor license for approximately $160,000, some $345,000 less than its written offer;

2. Additionally, the Debtor and the Landlord engaged in significant substantive negotiations respecting the Landlord's purchase of the liquor license prior to the commencement of the bankruptcy proceeding, during which, a purchase price between $362,000 and $415,000 was discussed, confirmed in numerous e-mails, and the subject of draft sale agreements. By way of example only, attached hereto as Exhibit "B" is a February 14, 2013 e-mail from counsel to the Debtor to counsel for the Landlord confirming the parties had "reached an agreement" for the Landlord to purchase the liquor license for $415,000. Subsequently, on February 26, 2013, Debtor's counsel again wrote to the Landlord's counsel confirming a purchase price of $415,000, to which the Landlord responded a $408,000 purchase price was agreed back on February 14, 2013, all as set forth in those e-mails attached hereto as Exhibits "C" and "D". In fact, Landlord's February 28, 2013 e-mail, a copy of which is attached hereto as Exhibit "E", recaps the history of the Landlord's negotiations, and confirms a February 8, 2013 offer of $375,000 and a February 14, 2013 offer of $408,000. On March 1, 2013, the Landlord revised its offer downward to $362,000, based upon the Debtor's "negotiating style" and "surprise changes at the last minute." See Exhibit "F" attached hereto.

Again, given the significant offers made by the Landlord in the pre-petition time period indicating its willingness to purchase the liquor license for upwards of $408,000, and without any reference to its purported rights to buy it for approximately $160,000, the Trustee had no reason to believe the Landlord would assert some alleged ability to purchase the liquor license for the substantially reduced price of approximately $160,000.

Honorable Rosemary Gambardella
May 22, 2013
Page 3

      The Trustee will leave for a later submission, if deemed appropriate by Your Honor, as to whether the Landlord's pre-petition or post-petition conduct by express word, or by inference from its acts, conduct, or declarations, constitutes a waiver of its alleged rights under the Right of First Refusal Agreement, such that the Landlord cannot now insist on performance thereunder. If a waiver is found to have occurred, such would provide a separate, independent basis for over-ruling the Landlord's Objection, distinct from (1) the rejection of the Right of First Refusal Agreement by operation or law; or (2) the rejection of the Right of First Refusal Agreement as an integrated part of the real property Lease.

                                    Respectfully submitted,

                                    RABINOWITZ, LUBETKIN & TULLY, LLC

                                    Jay L. Lubetkin

JLL:jc
Enclosures

cc:    Stacey L. Meisel, Esq. (w/encs.) (via ECF and e-mail)
       Mark Lichtenstein, Esq. (w/encs.) (via e-mail)
       Stephen V. Falanga, Esq. (w/encs.) (via e-mail)
       Eric Perkins, Esq (w/encs.) (via e-mail)
       Fran Steele, U.S. Trustee's Office (w/encs.)

F:\Client_Files\A-M\Circle 10\Letters\Gambardella-2.doc

# EXHIBIT A

# CONNELL FOLEY LLP
## ATTORNEYS AT LAW

85 LIVINGSTON AVENUE
ROSELAND, NJ 07068-3702
(973) 535-0500
FAX: (973) 535-9217

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD (2012)
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI*
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN*
EDWARD S. WARDELL
PETER J. SMITH*
WILLIAM P. KRAUSS
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY*
MICHAEL J. CROWLEY
TIMOTHY E. CORRISTON*
PATRICK J. HUGHES**
JAMES C. MCCANN*
JOHN D. CROMIE

ANGELA A. IUSO*
WILLIAM T. MCGLOIN*
BRENDAN JUDGE
STEPHEN A. URBAN
CHARLES J. HARRINGTON III*
STEPHEN V. FALANGA*
TRICIA O'REILLY*
ANTHONY F. VITIELLO*†
MARC D. HAEFNER
JONATHAN P. MCHENRY
BRAD D. SHALIT*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
W. NEVINS MCCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
MICHAEL A. SHADIACK
OWEN C. MCCARTHY*
PATRICIA A. LEE**
AGNIESZKA ANTONIAN*
CHRISTOPHER J. TUCCI+
NEIL V. MODY*
STEVE BARNETT*
THOMAS M. SCUDERI*
JOSEPH M. MURPHY*
NANCY A. SKIDMORE*
CHRISTINE S. ORLANDO
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
CHRISTINE I. GANNON*
ANDREW C. SAYLES*
WILLIAM D. DEVEAU*

*ALSO ADMITTED IN NEW YORK
+ALSO ADMITTED IN PENNSYLVANIA
-ONLY ADMITTED IN NEW YORK
PLEASE REPLY TO ROSELAND, NJ

### COUNSEL
JOHN W. BISSELL
EUGENE J. CODEY, JR.
FRANCIS J. ORLANDO
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
BRIAN P. MORRISSEY-
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*

DOUGLAS J. SHORT*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
HECTOR D. RUIZ*
ROBERT A. VERDIBELLO*
PHILIP W. ALLOGRAMENTO III*
STEPHEN D. KESSLER
CHRISTOPHER ABATEMARCO*
ANTHONY J. CORINO*
INGRID E. DA COSTA
MEGHAN BARRETT BURKE*
RUKHSANAH L. SINGH*
BRITTANY E. MIANO*
STACIE L. POWERS*
NICOLE B. DORY*
MICHAEL BOJBASA-
CHRISTOPHER M. HEMRICK*
SUSAN KWIATKOWSKI*
MELISSA D. LOPEZ
ANDREW L. BARON*
JASON D. FALK*
MICHAEL J. SHORTT+
VICTORIA N. MANOUSHAGIAN*
PATRICK J. MURPHY, III*

KARIN I. SPALDING*
JODI ANNE HUDSON*
RICHARD A. JAGEN
JASON E. MARX*
ALEXIS E. LAZZARA
GAIL GOLDFARB
THOMAS VECCHIO+
DANIEL B. KESSLER*

MEGHAN K. MUSSO*
BRENDAN W. CARROLL*
ELEONORE OFOSU-ANTWI*
EDMUND J. CAULFIELD*
SYDNEY J. DARLING*
JESSICA L. PALMER*
NEIL V. SHAH*
STEPHEN R. TURANO*
STEVEN A. KROLL*
ROBERT M. DIPISA*
MATTHEW A. BAKER+
MICHAEL J. CREEGAN*
THOMAS M. BLEWITT, JR.+
BRIAN S. WOLFSON
MARY F. HURLEY
DANIELLE M. NOVAK+
KATELYN O'REILLY
JAMES E. FIGLIOZZI-
MATTHEW D. FIELDING*
MELISSA L. HIRSCH+
MARIEL L. BELANGER*
NICHOLAS W. URCIUOLI
KERRY C. DONOVAN
GENEVIEVE L. HORVATH

OTHER OFFICES

HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, NJ 07311
(201) 521-1000
FAX: (201) 521-0100

888 SEVENTH AVENUE
9TH FLOOR
NEW YORK, NY 10106
(212) 307-3700
FAX: (212) 262-0050

1500 MARKET STREET
12TH FLOOR,
EAST TOWER
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

LIBERTY VIEW
457 HADDONFIELD
ROAD, SUITE 230
CHERRY HILL, NJ 08002
(856) 317-7100
FAX: (856) 317-7117

THE ATRIUM, SUITE E
309 MORRIS AVENUE
SPRING LAKE, NJ 07762
(732) 449-1440
FAX: (732) 449-0934

Writer's Direct Dial: (973) 597-4280
Writer's Email Address: sfalanga@connellfoley.com

March 26, 2013

**VIA TELECOPIER/MAIL**
Jay L. Lubetkin, Esq.
Rabinowitz, Lubetkin & Tully, LLC
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039

    Re:    *In re Circle 10 Restaurant, LLC,*
            **Bankr. Case No. 13-14820 (RG)**

<u>**Liquor License Purchase**</u>

Dear Mr. Lubetkin:

    As you are aware, this firm represents Lim Chew, Corp. ("<u>Lim Chew</u>"), a creditor in the above-captioned chapter 7 bankruptcy case of Circle 10 Restaurant, LLC (the "<u>Debtor</u>").

    As we discussed, Lim Chew is willing to purchase the liquor license from you in your capacity as trustee of the Debtor's estate free and clear of any existing liens and interests under §363 of the Bankruptcy Code for $505,000.00. If this price is acceptable to you, Lim Chew will promptly enter into an asset purchase agreement that contains mutually agreeable contractual provisions. This offer presumes you will proceed by way of private sale with an opportunity for creditors to object at a hearing. If the transfer goes to auction and Lim Chew is not the successful purchaser, Lim Chew would like your agreement to support Lim Chew's request for expense reimbursement of its costs and expenses in pursuing the sale.

2879908-01

Jay L. Lubetkin, Esq.
March 26, 2013
Page 2

    Lim Chew's offer is not and shall not be construed as a waiver if its rights and claims relative to the Debtor, inclusive of the right to seek specific performance to purchase the liquor license from the Debtor pursuant to the terms of its existing agreements with the Debtor and its right to file a claim for all amounts currently owed to it by the Debtor.

    I look forward to your response.

Very truly yours,

*[signature]*

Stephen V. Falanga

SVF/dlg
cc:    Lim Chew, Corp.

2879908-01

**EXHIBIT B**

**From:** Eric R. Perkins
**Sent:** Thursday, February 14, 2013 5:29 PM
**To:** 'Stephen V. Falanga'
**Cc:** 'Neal'; Michael G. Keating
**Subject:** Circle 10

Steve,

I understand our clients have reached an agreement whereby your client (and you will have to give me the entity name and address) will purchase the liquor license from Circle 10 Restaurant, LLC for $415,000 plus a full and complete release of any and all claims under the lease and note for the original purchase of the liquor license. Upon confirmation by you in behalf of your client (and your providing the particulars as to the purchasing entity), we will prepare the purchase agreement and related documents for execution. My understanding is, your client will under take the prosecution of the transfer of the license, as is customary, and Circle 10 will cooperate fully with the process.

Please confirm at your earliest convenience since all the parties wish to get this transaction behind them as soon as reasonably practical. Thanks,

# EXHIBIT C

**From:** Eric R. Perkins
**Sent:** Tuesday, February 26, 2013 1:12 PM
**To:** 'Stephen V. Falanga'
**Cc:** Michael G. Keating; 'Neal'; 'Matthew Stadtmauer'
**Subject:** FW: Circle 10

**Attachments:** Signed Petition.pdf



Signed Petition.pdf
(2 MB)

Steve,

I met with Neal Erman this afternoon to sign the petition, a copy of the signed petition is attached for your reference. He asked that I hold off on filing the petition until Thursday morning to give your client one last opportunity to reconsider his position. As I understand it, this is where things stand:

1) Purchase price is $415k not $408k. You client is getting a bargain at that price (Mr. Erman has confirmed with the municipal clerk that there are no other pocket licenses available in town) and should accept it and move to close as soon as possible. There is other interest in acquiring the License and it is in your client's interest to get this deal done. As you know, if we file, your client will be bidding against the third parties since the Chapter 7 Trustee will not be bound by the "Right of First Refusal" Agreement, or any other limitation on sale.

2) There will be no indemnification from the other members of Circle 10 in favor of your client to indemnify against potential claims of Circle 10 creditors that may be asserted against your client.

3) Seller arranging financing is not off the table but if Seller is to arrange Lender financing there would have to be a slight increase in the purchase price. If other issues are agreed to we can further discuss the financing.

4) If the Contract moves forward language would be added that your client agrees to cooperate in the removal of any vendor equipment still at the premises including Pepsi equipment, the water softener and the beer coolers that were left on the premises at your client's request so the property would show better to prospective tenants.

I look forward to hearing from you.

Regards,

1

# EXHIBIT D

**From:** blam60@gmail.com <blam60@gmail.com>;
**To:** 'Neal' <nerman86@yahoo.com>; Matthew Stadtmauer <mattstadt23@gmail.com>;
**Subject:** Sorry about today
**Sent:** Wed, Feb 27, 2013 1:28:16 AM

Neal,
I'm still thinking about our call today with Mrs. Lam. Very sorry to hear
that your lawyer acted independently without your knowledge and threw in the
415 number instead of 408 AND the extra cost for financing. It's just
amazing that Eric would pull such crap. Unfortunate as it is, he really
poisoned the atmosphere on our side. It was galling that he would throw in
those two things with such forceful insistence that it was a "great deal"
for us. That really sickened our families, given that by signed agreement
we should have the license back at no cost to us.

It is a disappointment, because we had an agreement on Feb 14 and Mrs. Lam
was happy to accept the $375 + $33 that Thursday and even this past Friday.
But over the weekend, Mrs. Lam got to looking at her checking account
statement and it showed that in February she paid, on behalf of Circle 10,
the following: $41k for Q4/Q1 property tax + late penalties, and $9k +
penalties for a past due water bill.

She stares out of her house every day looking at garbage dumpsters and she
figures that she'll have to pay the bills to remove them for $25k, $35k?
She's staring down a JCPL bill of $32k and a PSEG bill of unknown amount
that is likely in the same $30k range. She just doesn't know other
creditors are lurking out there.

With that time delay and the creditors shown in the bankruptcy filing, Mrs.
Lam is now insistent that a deal is contingent upon the following: $375k
via financing that Matt can facilitate without any unreasonable fees, return
the liquor license, relinquish your claims to the $33k property tax rebate,
indemnify her from all creditors, and remove the dumpsters.

As she mentioned in the call, if you do want the $33k property tax rebate,
then she kindly requests that you to pay her back for the Q4 property tax,
Dec rent, and Jan rent that you had promised her you would take care of.

Sorry for the change and the mixup, but I just wish Eric hadn't been so
irresponsible with changing the deal you, Matt, and I agreed upon. We could
have had this thing closed up by now.

-bill

**EXHIBIT E**

**From:** blam60@gmail.com <blam60@gmail.com>;
**To:** 'Neal Erman' <nerman86@yahoo.com>; Matthew Stadtmauer <mattstadt23@gmail.com>;
**Subject:** RE: Circle 10 offers
**Sent:** Thu, Feb 28, 2013 4:05:35 AM

Hello Neal,

I don't know how to say this to you with more emphasis, but it is a matter of honor and principle for our family. We had the Feb 14 gentlemen's agreement. It was all so simple. All we had to do was stick to your $408 deal on Feb 14 as you, Matt, and I all agreed. But your side changed it on Friday and gave Mrs. Lam time to sit and simmer over the weekend.

Just to recap.

In the negotiation process it went like this (dates are rough dates)

| Date | Offer | Response |
|---|---|---|
| Feb 2 | we offered $0k | you wanted $500k -> 100% difference |
| Feb 8 | we offered $375 | you wanted more -> 75% towards your side |
| Feb 14 | we offered $408 | you accepted -> 82% towards your side |
| Feb 21 | | you changed it to $415 plus other conditions -> 85% ?? 90% ?? |

Our final offer is $375k with the conditions outlined below. Otherwise we will regretfully and sadly see you in bankruptcy court.

We honestly wish you best regards,

Bill Lam

P.S. I say this with great honesty, but you should really close this chapter in your life on a high note. The bankruptcy will stain you a lot more than it will hurt us. My parents came to this country in 1949 with 3rd and 5th grade education in their pockets and nothing else. They didn't have the license when they came here and they don't have to have one now. Losing the license is something we have all emotionally accepted as fait accompli.

# EXHIBIT F

From: blam60@gmail.com <blam60@gmail.com>;
To: 'Neal' <nerman86@yahoo.com>; Matthew Stadtmauer <mattstadt23@gmail.com>;
Subject: RE: Agreement
Sent: Fri, Mar 1, 2013 3:13:05 PM

Hello Neal,
We really apologize for this, our family's frustration with this negotiating style (surprise changes at the last minute), has been simmering for three years now, dating back to our lengthy negotiation with you and JDF back in early 2010. The boiling point has unfortunately been reached.

Respectfully, our offer is now $362k, and yes at $362k you can have the aforementioned coolers and external lanterns that were required by Margaritas.

I gave an apology of great regret to my family this morning for allowing these negotiations to have gone on for so long with no conclusion.

Regards,
Bill