UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
(973) 597-9100
Jay L. Lubetkin, Esq.
*Counsel to Jay L. Lubetkin,*
*Chapter 7 Trustee*

In re:

CIRCLE 10 RESTAURANT, LLC,

             Debtor.

**FILED**
James J. Waldron, Clerk

JUL 2 6 2013

U.S. Bankruptcy Court, Newark N.J
BY: _____
                             Deputy

Case No. 13-14820 (RG)

Chapter 7

## AMENDED ORDER APPROVING SETTLEMENT, AUTHORIZING SALE OF LIQUOR LICENSE, AND FOR OTHER RELATED RELIEF

    The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED**.

7-26-13     _____
              Rosemary Gambardella
              USBJ

Debtor:          Circle 10 Restaurant, LLC

Case No.:        12-15836 (RG)

Caption of Order: AMENDED ORDER APPROVING SETTLEMENT, AUTHORIZING SALE
OF LIQUOR LICENSE, AND FOR OTHER RELATED RELIEF

---

**THIS MATTER** having been opened to the Court by Jay L. Lubetkin, Chapter 7 Trustee

(the "Trustee") of the bankruptcy estate of Circle 10 Restaurant, LLC (the "Debtor"), by and

through his counsel, Rabinowitz, Lubetkin & Tully, L.L.C., upon the filing of an Application

seeking Court approval of the sale of the Debtor's liquor license (the "Liquor License") to Onyx

Equities III, LLC ("Onyx"), for a purchase price now of $835,000; and the Court having entered

an Order (the "Abbotts Dairies Order") on June 11, 2013, establishing Onyx's satisfaction of In re

Abbotts Dairies of Pennsylvania, Inc., 788 F. 2d 143 (3d Cir. 1986); and the Court having further

having considered the objection to the sale filed by Lim Chew Corp. (the "Landlord"), arguing

that pursuant to its Right of First Refusal Agreement with the Debtor, it is entitled to purchase the

Liquor License for the sum of $135,000; and the Court noting the filing of numerous rounds of

briefs by the Trustee, Onyx, and the Landlord respecting the issues relating to the estate's alleged

ability to sell the Liquor License notwithstanding the Right of First Refusal Agreement, the

Trustee's argument that the Right of First Refusal Agreement was deemed rejected by operation

of law sixty (60) days after the commencement of the within bankruptcy filing, the Trustee's

argument that the Right of First Refusal Agreement is part and parcel of the Lease Agreement

between the Landlord and the Debtor which is the subject of the Trustee's filed Application to

reject, and the Landlord's argument that it is entitled to specific performance of the Right of First

Refusal Agreement, notwithstanding its rejection either by operation of law or in connection with

the rejection of the Lease Agreement; and the Court noting the existence of case law authority

supporting both the Landlord's and the Trustee's positions, the absence of controlling legal

| | |
|---|---|
| Debtor: | Circle 10 Restaurant, LLC |
| Case No.: | 12-15836 (RG) |
| Caption of Order: | AMENDED ORDER APPROVING SETTLEMENT, AUTHORIZING SALE OF LIQUOR LICENSE, AND FOR OTHER RELATED RELIEF |

---

precedent in the Third Circuit, the likelihood of significant delays in any sale of the Liquor License associated with a judicial determination on the contested issues by the Bankruptcy Court and the prospect of appeals to the District Court and the Third Circuit Court of Appeals; and the parties having agreed to terms of a proposed settlement of the disputes at the hearing intended to be conducted on June 26, 2013; and notice of the proposed settlement having been provided to the Debtor, its creditors, its members, and all parties in interest; and the Court having entered the Order Approving Settlement Authorizing Sale of Liquor License and Other Related Relief on July 12, 2013 (the "Original Order"); and Onyx having assigned its rights under (i) the Agreement to Purchase Alcoholic Beverage License, dated April 8, 2013 (the "APA") and (ii) the Original Order to purchase the Liquor License to its affiliate Livingston Town Center Liquor License, LLC ("LTC"); and good and sufficient cause existing for the making and entry of the within Amended Order

**IT IS ORDERED** that the Trustee is authorized and directed to take all actions and execute all documents which may be necessary and appropriate to effectuate the sale of the Debtor's Liquor License to LTC for the sum of $835,000, free and clear of restrictions, special conditions or limitations, all vendors charges, violations, restrictions, liens, liquor bills, claims, interests, and encumbrances (collectively, the "Encumbrances"), such Encumbrances to attach to the proceeds of sale, excepting from any such encumbrances a $62,500 portion of the proceeds; and it is further

**ORDERED** that the transfer of the Liquor License to LTC shall be free and clear of all

Debtor:          Circle 10 Restaurant, LLC

Case No.:        12-15836 (RG)

Caption of Order: AMENDED ORDER APPROVING SETTLEMENT, AUTHORIZING SALE
OF LIQUOR LICENSE, AND FOR OTHER RELATED RELIEF

---

Encumbrances; and it is further

**ORDERED** that the APA which was the subject of the Application in support hereof is hereby deemed amended to provide for a purchase price of $835,000, and may be further amended without further order of the Court, provided that any such amendment or modification is non-material and does not have an adverse effect on the Trustee or the Debtor's bankruptcy estate; and it is further

**ORDERED** that the terms of the Court's Abbotts Dairies Order are hereby incorporated herein by reference; and it is further

**ORDERED** that the Lease Agreement between the Debtor and Landlord is hereby rejected; and it is further

**ORDERED** that the Right of First Refusal Agreement between the Debtor and the Landlord is deemed rejected; and it is further

**ORDERED** that immediately after closing on the sale of the Liquor License to LTC, $62,500 shall be paid by the Trustee to the Landlord as a consensual "buy out" of any purported first refusal rights Landlord might otherwise hold respecting the Liquor License; and it is further

**ORDERED** that Landlord shall have an allowed general unsecured claim herein of $1,624,621.59; and it is further

**ORDERED** that Landlord's objection to the proposed sale by the Trustee of the Liquor License to Onyx (now LTC) is hereby withdrawn; and it is further

Page 5

Debtor:           Circle 10 Restaurant, LLC

Case No.:         12-15836 (RG)

Caption of Order: AMENDED ORDER APPROVING SETTLEMENT, AUTHORIZING SALE
                  OF LIQUOR LICENSE, AND FOR OTHER RELATED RELIEF

---

**ORDERED** that any and all claims which the Trustee or the Debtor's bankruptcy estate may have against the Landlord, including any claims to recoveries by the Landlord of real estate taxes paid resulting from real estate tax appeals are hereby waived, discharged, released, and barred; and it is further

**ORDERED** that any and all claims which Landlord may have against the Debtor's bankruptcy estate and the Trustee, other than those monetary claims provided for herein, are hereby waived, released, discharged, and barred, with the express understanding that such waiver shall not impair, prejudice, or otherwise negatively impact whatever claims, if any, Landlord may hold against the members of the Debtor; and it is further

**ORDERED** that the Trustee is authorized and empowered to take any and all actions necessary to implement the terms of this Amended Order; and it is further

**ORDERED** that the Limited Objection to the proposed settlement filed by Neal Erman is overruled.

F:\Client_Files\A-M\Circle 10\Settlement - Order (revised).doc