# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>CIRCLE 10 RESTAURANT, LLC,<br><br>　　　　　Debtor. | Case No. 13-14820 (RG)<br><br>Chapter 7 |

---

### BRIEF IN REPLY TO OBJECTION BY RELM, LLC TO
### TRUSTEE'S MOTION TO RECLASSIFY ALLEGED SECURED CLAIM

---

　　　　　　　　　　　　　　　　　　　　**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
　　　　　　　　　　　　　　　　　　　　293 Eisenhower Parkway, Suite 100
　　　　　　　　　　　　　　　　　　　　Livingston, New Jersey 07039
　　　　　　　　　　　　　　　　　　　　(973) 597-9100
　　　　　　　　　　　　　　　　　　　　*Counsel for Jay L. Lubetkin, Chapter 7 Trustee*

Of Counsel
　　　Jay L. Lubetkin, Esq.

On the Brief
　　　John J. Harmon, Esq.

## PRELIMINARY STATEMENT

Jay L. Lubetkin, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Circle 10 Restaurant, LLC (the "Debtor") has brought a motion (the "Motion") before this Court to reclassify the alleged secured claim of RELM, LLC as a general unsecured claim on the grounds that, under New Jersey law, RELM's security interest does not attach to the proceeds of the Debtor's liquor license, and under the Bankruptcy Code, RELM's security interest does not attach to the Trustee's avoidance powers (the "Motion"). RELM, LLC ("RELM") has objected to the Motion (the "Objection") and argues that the Debtor's liquor license constitutes property under New Jersey law, and that RELM's security interest therefore attaches to the liquor license and the proceeds of its sale. RELM further argues that this Court's treatment of the liquor license in connection with Court approval of its sale by the Trustee requires the determination that the liquor license is property for all purposes under New Jersey law, such that the license constitutes RELM's collateral.

RELM's arguments should be rejected because they ignore controlling New Jersey decisional law, erroneously conflate the definitions of "property" under New Jersey law and the Bankruptcy Code, and fail to take into account relevant Third Circuit precedent.

New Jersey's Alcohol Beverage Control Act (the "ABC Act") explicitly states that a liquor license shall not be deemed property for purposes of New Jersey law, and prohibits security interests from attaching to a liquor license. The New Jersey Supreme Court has confirmed that liquor licenses do not constitute property for purposes of New Jersey law and that, although there are exceptions for tax liens, liquor licenses are exempt from the liens of ordinary commercial creditors. Accordingly, there can be no question that RELM's lien never attached to the Debtor's liquor license or to the proceeds thereof.

1

Furthermore, the definitions of property for purposes of state law and for purposes of the Bankruptcy Code are not coextensive. In fact, the Third Circuit has held that even when a liquor license is not property for purposes of state law, it still constitutes property for purposes of the Bankruptcy Code. Thus, there is no contradiction between this Court's authorization of the sale of the Debtor's liquor license and New Jersey's statutory mandate that liquor licenses not be deemed property.

RELM acknowledges that the New Jersey District Court has already rejected similar arguments made by a similarly situated creditor who attempted to assert a lien on a bankruptcy estate's liquor license and its proceeds in <u>In re Chris-Don, Inc.</u> ("Chris-Don II"). 367 F.Supp.2d 696 (D.N.J. 2005). RELM requests this Court to reject the District Court's holding and instead follow the original decision ("Chris-Don I") that was reversed by the District Court. 308 B.R. 214 (2004). For the reasons set forth below, RELM does not offer any good reasons for rejecting the District Court's persuasively reasoned opinion. Moreover, RELM fails to acknowledge that if the Court rules that RELM holds a lien on the Debtor's liquor license and its proceeds, *the Court will radically alter decades of settled New Jersey law exempting liquor licenses from creditors' security interests.*

**LEGAL ARGUMENT**

**POINT I**

**NEW JERSEY LAW PROHIBITS RELM'S LIEN FROM ATTACHING TO THE LIQUOR LICENSE AND STATE AND FEDERAL LAW PROVIDE THAT A LIQUOR LICENSE MAY BE TREATED AS PROPERTY FOR PURPOSES OF FEDERAL BANKRUPTCY LAW EVEN THOUGH IT IS NOT TREATED AS PROPERTY FOR PURPOSES OF STATE LAW**

New Jersey law and federal law are crystal clear on three related principles which govern the outcome of this case. First, liquor licenses are not property for purposes of New Jersey law. New Jersey's ABC Act states, "[u]nder no circumstances . . . shall a license, or rights thereunder, be deemed property, subject to inheritance, sale, pledge, lien, levy, attachment, execution, seizure for debts, or any other transfer or disposition whatsoever, except for payment of taxes, fees, interest and penalties imposed by any State tax law . . . ." N.J.S.A. 33:1-26. This prohibition on deeming liquor licenses to be property under New Jersey law has been recognized by state and federal courts alike. Boss Co. v. Bd. of Com'rs of Atlantic City, 40 N.J. 379, 387-88 (1963); Butler Oak Tavern v. Div. of Alcohol Bev. Control, 20 N.J. 373, 381 (1956); Sea Girt Restaurant & Tavern Owners Ass'n v. Borough of Sea Girt, 625 F.Supp. 1482 (D.N.J. 1986); In re Chris-Don, 367 F.Supp.2d 696 (D.N.J. 2005); In re Main St. Bev. Corp., 232 B.R. 303, 310-11 (D.N.J. 1998).

Second, liens and security interests may not attach to liquor licenses, unless they attach (i) pursuant to an explicit exception carved out by the ABC Act for state tax liens, N.J.S.A. 33:1-26, or (ii) pursuant to federal law, in accord with the third principle as explained in the next paragraph. Boss, supra, 20 N.J. at 387.

The third principle of law governing this case arises out of the interplay between state and federal law, and was described by the Third Circuit as follows: "While state law creates legal

3

interests and defines their incidents, 'the ultimate question whether an interest thus created and defined falls within a category stated by a Federal statute requires an interpretation of that statute, which is a Federal question.'" 21 West Lancaster Corp. v. Main Line Restaurant, Inc., 790 F.2d 354, 356 (3d Cir. 1986) (quoting In re Halprin, 280 F.2d 407, 409 (3d Cir. 1960)).  The New Jersey Supreme Court has also recognized this principle, and has held that even though liquor licenses are not deemed property for purposes of state law, they are deemed property for purposes of federal tax law. Boss, supra, 40 N.J. at 387-88.  Accordingly, it is possible for a bankruptcy debtor's interest in a liquor license to be construed as property under federal bankruptcy law, and simultaneously construed not to be property for purposes of state law. Indeed, this was the precise holding of the Third Circuit in In re Nejberger, which ruled that although a liquor license was not property for purposes of Pennsylvania law, the liquor license was property for purposes of the Bankruptcy Code. 934 F.2d 1300, 1301-02 (3d Cir. 1991).

In this case, these three principles function as guiding lights that clarify that the authority of this Court to approve the sale of the Debtor's liquor license pursuant to the Bankruptcy Code has no impact upon RELM's attempt to assert a lien on the proceeds of that sale.

The Trustee's position is straightforward.  First, the Debtor's liquor license does not constitute property under New Jersey law, and RELM's security interest never attached to the liquor license. N.J.S.A. 33:1-26.  However, while the Debtor's interest in the liquor license does not constitute property under New Jersey law, it does constitute property of the bankruptcy estate under the Bankruptcy Code's more expansive definition of property. Nejberger, supra, 934 F.2d at 1302; Chris-Don, supra, 367 F.Supp.2d at 701; Main St. Bev. Corp., supra, 232 B.R. at 310-11.

4

Accordingly, RELM's security interest, which arises under state law, never attached to the liquor license, and the Trustee possessed the power to sell the Debtor's liquor license and the Court possessed the authority to approve such sale pursuant to the Bankruptcy Code. The Trustee's position accords perfectly with the binding precedential decisions of the New Jersey Supreme Court and the Third Circuit which define the scope of the Debtor's rights in the liquor license under state and federal law.

The primary error committed by Chris-Don I, and replicated by RELM, is the conclusion that if an interest is treated by federal law as property, that interest must also be treated by state law as property. Chris-Don I concluded that because a liquor license was treated as property for purposes of federal tax law, it should be treated as property for purposes of state law, and that if a liquor license is treated as property for purposes of state law, then it is subject to the provisions of New Jersey's Uniform Commercial Code and may be used as collateral in secured transactions. This conclusion is erroneous because it ignores the third principle described above, that federal laws may create and define their own categories and descriptions for interests, different than those mandated or created by state law. Boss, supra, 40 N.J. at 387-88; Nejberger, supra, 934 F.2d at 1302; West Lancaster, supra, 790 F.2d 354, 356.

Once this third principle is taken into account, it is clear there is no reason to defy the explicit mandate of the ABC Act and treat a liquor license as property for purposes of New Jersey law. If a liquor license is not property for purposes of New Jersey law, RELM's argument collapses. RELM contends that the Debtor's liquor license is a general intangible under Article 9 of New Jersey's Uniform Commercial Code, N.J.S.A. 12A:9-101 et seq. ("Article 9"), and therefore is subject to RELM's asserted lien on the Debtor's general intangibles. Article 9, however, defines general intangibles as "personal property." N.J.S.A. 12A:9-102(42). Because

5

liquor licenses are not property under New Jersey law, they do not fall within Article 9's definition of general intangibles. Accordingly, Article 9 does not provide a basis for RELM to assert a security interest in the Debtor's liquor license. Chris-Don, supra, 367 F.Supp.2d at 701; Main St. Bev. Corp., supra, 232 B.R. at 310-11.

The Court should not overlook the monumental shift in the law governing the rights of liquor licensees and their creditors that would occur if the Court rules in RELM's favor. For over 80 years in New Jersey, holders of liquor licenses have granted creditors consensual security interests in their general intangibles in reliance on settled New Jersey law that their liquor licenses were exempt from consensual liens. A ruling in RELM's favor would betray licensees' reliance on the explicit statutory protections contained in New Jersey's ABC Act, and create a windfall for secured creditors of bankrupt licensees who did not bargain for a security interest in a liquor license when they extended credit, but who will suddenly receive additional collateral that in many cases will be utterly incommensurate with the credit extended to the licensees, and severely prejudice the interests of general unsecured creditors.

A ruling in RELM's favor would also create an split between state and federal courts in New Jersey *on a question of state law*. In state courts, liquor licenses will continue to be deemed as non-property outside the scope of Article 9, and exempt from creditors' security interests pursuant to the ABC Act and numerous decisions of the New Jersey courts, including the New Jersey Supreme Court's opinion in Boss. 40 N.J. at 388 (a liquor license is protected "from any device which would subject it to control of persons other than the licensee, be it by pledge, lien, levy, attachment, execution . . . or the like"). In this Court, meanwhile, liquor licenses would be deemed to be general intangible personal property for purposes of state law, subject to New Jersey's Uniform Commercial Code. Thus, a ruling in RELM's favor would violate the long-

standing rule that federal courts must follow state court interpretations of state law, and are not free to impose their own views of what state law should be. Horsehead Indus., Inc. v. Paramount Comms., Inc., 258 F.3d 132, 140-41 (3d Cir. 2001); Koppers Co., Inc. v. Aetna Cas. and Sur. Co., 98 F.3d 1440, 1445 (3d Cir.1996); Kowalsky v. Long Beach Township, 72 F.3d 385, 388 (3d Cir.1995).

Accordingly, the Court should preserve the well-settled status of liquor licenses as exempt from creditors' security interests under New Jersey law, and follow the New Jersey Supreme Court's interpretation of the ABC Act by granting the Trustee's Motion and refusing to recognize RELM's asserted security interest in the Debtor's liquor license.

## **CONCLUSION**

For the foregoing reasons, the reasons set forth in the Trustee's Motion, and in the interests of justice, it is respectfully requested that the Court grant the Trustee's Motion.

                                **RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
*Counsel for Chapter 7 Trustee*


By:    /s/ John J. Harmon
        JOHN J. HARMON

Dated:  March 28, 2014