UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____
                                    :
In re:                              :    Case No. 13-14820 (RG)
                                    :
CIRCLE 10 RESTAURANT, LLC,          :    Chapter 7
                                    :
       Debtor.                      :
                                    :
_____:

_____

**BRIEF OF STATE OF NEW JERSEY, DIVISION OF TAXATION, IN SUPPORT
OF THE TRUSTEE'S MOTION TO RECLASSIFY**
_____

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey 08625
(609) 984-8150
Attorney for State of New Jersey,
 Division of Taxation

Heather Lynn Anderson
Deputy Attorney General
  On the Brief

**PRELIMINARY STATEMENT**

The New Jersey Division of Taxation ("N.J. Division") hereby joins the Chapter 7 Trustee in its request to reclassify the claim of RELM, LLC ("RELM"). Pursuant to state law and long standing case law, only taxing authorities may attach a lien to a liquor license. Therefore, RELM's security interest cannot attach to the Debtor's liquor license, as it is not a taxing authority.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Debtor Circle 10 Restaurant, LLC ("Debtor") filed for Chapter 7 bankruptcy protection on March 8, 2013. Prior to its bankruptcy filing, the Debtor obtained a loan from Northern Bank and Trust Company which was secured by a blanket lien on all of its assets. Northern Bank and Trust Company subsequently assigned all of its rights to RELM. On June 13, 2013, RELM filed a secured proof of claim in the amount of $378,779.59.

After review, the Chapter 7 Trustee determined that the only assets of the Debtor were its liquor license and the Trustee's right to bring avoidance actions on behalf of the estate. On July 12, 2013, this Court approved an order for the sale of Debtor's liquor license for the sum of $835,000, free and clear of all liens with such encumbrances to attach to the proceeds of sale. On February 27, 2014, the Chapter 7 Trustee filed a motion to reclassify the proof of claim of RELM, asserting that since RELM's

lien cannot attach to the liquor license or the Trustee's avoidance action power, the claim is not secured by property of the estate. The N.J. Division hereby joins the Chapter 7 Trustee in his request.

**LEGAL ARGUMENT**

**PURSUANT TO STATE LAW, ONLY TAXING AUTHORITIES MAY LIEN A LIQUOR LICENSE.**

The New Jersey District Court in In re Chris-Don, Inc., 367 F. Supp.2d 696 (D.N.J. 2005), correctly held that the 2001 amendments to the Uniform Commercial Code ("UCC"), N.J.S.A. 12A:1-101 et seq., did not override the anti-alienation (anti-lien) provisions of N.J.S.A. 33:1-26, and that only taxing authorities may lien liquor license sale proceeds. Since N.J.S.A. 33:1-26 clearly states a liquor license is not property, such a license does not come within the purview of collateral or property subject to security interests under the UCC. Therefore, this Court should uphold the well-reasoned District Court opinion in Chris-Don, supra, and grant the Trustee's Motion to Reclassify.

    A.   Under the New Jersey ABC Act, a Liquor License is not "Property," and Therefore it is not a General Intangible Subject to the UCC's Treatment of Security Interests.

It is well-established that property interests are created and defined by state law. Butner v. U.S., 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). When drafting the law

2

governing the transferability of a liquor license, the New Jersey Legislature specifically granted only taxing authorities the right to levy and lien a liquor license. As provided in N.J.S.A. 33:1-26:

> [l]icenses are not transferable except as hereinafter provided.... Under no circumstances, however, shall a license, or rights thereunder, be deemed property, subject to inheritance, sale, pledge, lien, levy, attachment, execution, seizure for debts, or any other transfer or disposition whatsoever, except for the payment of taxes, fees, interest and penalties imposed by any State tax law for which a lien may attach....
>
> [N.J.S.A. 33:1-26.]

When the New Jersey Legislature enacted this statute, it clearly intended to allow only taxing authorities to treat a liquor license as property. In fact, the purpose of N.J.S.A. 33:1-26 is "to protect the liquor license from any device which would subject it to the control of persons other than the licensee . . . be it by pledge, lien, levy, attachment, execution, seizure for debts or the like." The Boss Co. v. Bd. of Comm'rs of Atlantic City, 40 N.J. 379, 388 (1963). As a result, other creditors, such as banks, are unable to treat a liquor license as property of the debtor subject to a security interest.

Specifically, in The Boss Co., supra, the New Jersey Supreme Court held:

> [t]he liquor license, although transferable, is still to be considered a temporary permit

3

> or privilege, and not property, as it always has been, even before our Legislature so declared by statute,... and this consideration is to continue to govern the relationship between state and local government and the licensee. Likewise, the vitality of N.J.S.A. 33:1-26 is in no way diminished...
>
> [The Boss Co., supra, 40 N.J. at 387-88 (citations omitted).]

The State Supreme Court further noted that "as far as the federal government is concerned,...'state law is inoperative to prevent the attachment of liens created by federal statutes in favor of the United States.'" Id. at 387 (citing U.S. v. Bess, 357 U.S. 51, 57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958)).

A liquor license also does not give the licensee any property rights nor is it a contract. Butler Oak Tavern v. Division of Alcoholic Beverage Control, 20 N.J. 373, 381 (1956). Rather, a "liquor license in New Jersey vests a personal right in the licensee to conduct a business otherwise illegal. As such it is merely a temporary permit or privilege." The Boss Co., supra, 40 N.J. at 384. The licensee is prohibited by the specific language of N.J.S.A. 33:1-26 from transferring the liquor license or granting a creditor a security interest in the license. Thus, only taxing authorities are entitled to the proceeds from the sale of a liquor license; other creditors, regardless of the status of their security interest, are barred from claiming an interest in a liquor license as well as the sale proceeds.

4

Directly on point, courts have held that a private creditor is not entitled to the proceeds from the sale of a debtor's liquor license.  Most importantly, in Chris-Don, supra, United Trust Bank made the same arguments proffered by RELM in this matter.  Specifically, United Trust argued that N.J.S.A. 12A:9-408(c) overrode the anti-alienation provisions of N.J.S.A. 33:1-26, and, therefore, it was entitled to lien the proceeds of the liquor license sale.  367 F. Supp.2d at 699.  In rejecting this argument, the District Court noted that the revised UCC does not define "personal property," and that the legislative comments to the revisions state that "[o]ther law determines whether a debtor has a property interest and the nature of that interest."  Id. at 700 (citing N.J.S.A. 12A:9-408, cmt. 3).  That "other law," the court held, is N.J.S.A. 33:1-26.  Ibid.  And, to hold otherwise contradicts the extensive case law and express statutory provision that a liquor license is not property except for tax purposes.  Id. at 700-01.

Similarly, in In re Main St. Beverage Corp., 232 B.R. 303, 310-11 (D.N.J. 1998), Chrysler Capital Corporation argued that it had a valid and perfected security interest in the debtor's right to receive payment from the proceeds of sale from a liquor license, which took priority over a later-filed tax lien of the I.R.S. Id. at 306-07. Chrysler argued that the debtor's "right to receive payment from the proceeds of sale" is a general intangible

5

under the UCC. Id. at 309. Chrysler conceded, however, that in light of N.J.S.A. 33:1-26, it could not have a security interest in the license itself. Ibid.

Relying on 21 West Lancaster Corp. v. Main Line Restaurant, Inc., 790 F.2d 354 (3d Cir. 1986), the Main St. court held that Chrysler did not have a valid security interest in the proceeds from the sale of the debtor's liquor license. Main St., supra, 232 B.R. at 310. The court found no support "for the proposition that the right to receive payment from the proceeds of sale of a liquor license is separable from the license itself." Ibid. Therefore, the court rejected Chrysler's argument that it had a right to the proceeds since that premise "would seem to contradict the unambiguous import of the [New Jersey] authority defining the nature of a liquor license, a matter of state law." Ibid.

And, in 21 West Lancaster Corp., supra, the Third Circuit held that a liquor license is property for purposes of federal tax laws but it is not property subject to a security interest under the UCC. Id. at 358. Since Pennsylvania's Liquor Code clearly stated that a liquor license "is not property but a privilege, Pennsylvania law holds that a liquor license may not be collateral, and a creditor therefore may not hold a valid security interest in it." Ibid. Accordingly, the private creditor held no valid security

6

interest in the proceeds of the sale of the debtor's liquor license. Id. at 359.[1]

In sum, the above cases are controlling in review of this matter since New Jersey's applicable liquor license statute, N.J.S.A. 33:1-26, excludes a liquor license from being considered property, except for purposes of attaching a tax lien. A lender may not hold a security interest in either a liquor license or the proceeds from the sale of that same license. See Main St., supra. Indeed, the State Legislature could not have been more clear by using the terms "[u]nder no circumstances, however, shall a license, or rights thereunder, be deemed property..." within N.J.S.A. 33:1-26.

    B.    Since the UCC Does not Apply to State Liquor Licenses, the UCC may not Override the Anti-Alienation Provisions of N.J.S.A. 33:1-26.

As noted in the Comment to N.J.S.A. 12A:9-101, UCC Article 9 "provides a comprehensive scheme for the regulation of security interests in personal property and fixtures." N.J.S.A. 12A:9-101, Uniform Commercial Code Comment 1. In addition, N.J.S.A. 12A:9-109 states the general scope of UCC Article 9 and provides that it applies to: transactions that create security interests in

---

[1] After the court's decision, the Pennsylvania Legislature amended its liquor license law to allow for a license to be transferred like personal property. The statute, 47 P.S. §4- 468(d), now provides that "the license shall constitute a privilege between the board and the licensee. As between the licensee and third parties, the license shall constitute property." Unlike Pennsylvania, however, New Jersey's Legislature has not amended N.J.S.A. 33:1-26.

7

personal property or fixtures by contract; agricultural liens; sales of accounts, chattel paper, payment intangibles, or promissory notes; consignments; and security interests arising under specified sections of the UCC.

Under N.J.S.A. 12A:9-408(c), statutes or regulations that place legal restrictions on a party's ability to assign a security interest in a general intangible are limited. This section states:

> Except as provided in subsection (e), a rule of law, statute, or regulation that prohibits, restricts... the creation of a security interest in...[a] general intangible...is ineffective...
>
> [N.J.S.A. 12A:9-408(c).]

In addition, N.J.S.A. 12A:9-408(e) provides, "[e]xcept to the extent otherwise provided in subsection (f), this section prevails over any inconsistent provision of an existing or future statute, rule or regulation of this State..." Only statutes governing workers' compensation claims, State lottery winnings and structured settlement agreements are exempt from this general rule. N.J.S.A. 12A:9-408(f).

A ruling that a liquor license is a general intangible would be erroneous because it ignores not only New Jersey ABC Law but also New Jersey UCC law. Under New Jersey UCC statutes, a general intangible is defined as:

> any personal property, including things in action, other than accounts, chattel paper, commercial tort claims, deposit accounts,

> documents, goods, instruments, investment property, letter of credit rights, letters of credit, money, and oil, gas, or other minerals before extraction. The term includes payment intangibles and software.
>
> [N.J.S.A. 12A:9- 102(42).]

In order for a liquor license to meet the definition of a general intangible, it must constitute personal property. Notably, as provided in the Comments to N.J.S.A. 12A:9-408, "[n]either this section nor any other provision of this Article determines whether a debtor has a property interest. . . . Other law determines whether a debtor has a property interest ('rights in the collateral') and the nature of that interest." N.J.S.A. 12A:9-408, Uniform Commercial Code Comment 3. Here, the "other law" that is determinative is N.J.S.A. 33:1-26, and that statute specifically excludes liquor licenses from being deemed property interests. Chris-Don, supra, 367 F. Supp.2d at 700. Moreover, the clear legislative pronouncement that liquor licenses are not property has been consistently supported by case law. Ibid.(citing Sea Girt Rest. & Tavern Owners Ass'n v. Bor. of Sea Girt, 625 F. Supp. 1482, 1486 (D.N.J. 1986)).

> C. Since Implied Repealers are Strongly Disfavored, the RELM's Claim of an Implied Repealer Violates Fundamental Principles of Statutory Construction.

Although the UCC does not control regarding liens on liquor licenses, RELM claims that N.J.S.A. 12A:9-408 supersedes the restrictions of N.J.S.A. 33:1-26. This violates a well-established

9

rule of statutory construction. Specifically, it is a "cardinal rule [of statutory construction] that repeals by implication are not favored." Morton v. Mancari, et al., 417 U.S. 535, 549, 94 S. Ct. 2474, 41 L. Ed.2d 290 (1974) (citation omitted); Township of Mahwah v. Bergen County Bd. of Taxation, 98 N.J. 268, 281 (1985) (citation omitted). Under the Bankruptcy Court's review of statutory construction, the repeal of the anti-alienation provisions of N.J.S.A. 33:1-26 within N.J.S.A. 12A:9-408 is actually not implied, it is "specific." Chris-Don, Inc., supra, 308 B.R. at 219.

However, an "express repeal" is defined as "[a]brogation or annulment of previously existing law by enactment of subsequent statute declaring that the former law shall be revoked or abrogated." Black's Law Dictionary 581 (6th Ed. 1990). Contrary to RELM's claims, there is no specific declaration in N.J.S.A. 12A:9-408 evidencing any intent to repeal N.J.S.A. 33:1-26 in whole or in part. Since any repeal within N.J.S.A. 12A:9-408 could therefore only be implied, the Bankruptcy Court was required to find "clear and compelling evidence of the legislative intent, and such intent must be free from reasonable doubt." Township of Mahwah, supra, 98 N.J. at 280. Further, "[i]n the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable." Morton, supra, 417 U.S. at 550.

10

Here, the New Jersey Legislature has only amended N.J.S.A. 33:1-26 once since its 1933 enactment, to allow for an exception for the attachment of State tax liens. Since liquor licenses are not property and have been viewed in this way for several decades, it is reasonable to expect that the Legislature would have specifically referred to liquor licenses in the UCC amendments if the UCC was intended to control after 2001.

Moreover, N.J.S.A. 33:1-26 and N.J.S.A. 12A:9-408 can be reconciled. N.J.S.A. 33:1-26 of New Jersey's ABC Act defines the interest a licensee holds in a liquor license and specifies the interest is "not property" of the licensee. By contrast, N.J.S.A. 12A:9-408 expands the personal property that a debtor may use as collateral. Pursuant to the principles of statutory construction outlined above, there is no specific repealer, no showing of clear and compelling evidence of an intent to repeal, and the two statutes are not irreconcilable. Thus, N.J.S.A. 33:1-26 was not repealed by the enactment of N.J.S.A. 12A:9-408.

Despite finding no evidence of an intent to repeal, RELM claims that N.J.S.A. 12A:9-408(e) nullified the "not property" language of N.J.S.A. 33:1-26 since that amended UCC section states that it prevails over any inconsistent State statute.  However, that conclusion is clearly flawed since the ABC statute specifies that a liquor license is "not property." N.J.S.A. 33:1-26. The UCC is accordingly never reached to determine the extent and nature of

11

a liquor license as collateral, and neither N.J.S.A. 12A:9-408 nor any other UCC provision applies to such a license.

> D. Since the Legislature's Statement to the 1993 Amendment to N.J.S.A. 33:1-26 Clearly States That Only Taxing Authorities May Have a Lien on a Liquor License for Public Policy and Revenue Reasons, a Bank's Security Interest may not Attach to it Under New Jersey Law.

Finally, a holding that a liquor license may only be deemed property for purposes of payment of taxes and for no other purpose is supported by strong public policy. The continuing validity of N.J.S.A. 33:1-26 as the controlling statute regarding liquor licenses and the fact that only taxing authorities may lien them is an important source of revenue for the N.J. Division as well as further protection of the regulatory interests of the New Jersey Alcoholic Beverage Control. N.J.S.A. 33:1-26 was thus amended in 1993 by L. 1993, c. 232, to add the limited exception to permit liquor licenses to be property only for the purpose of paying taxes. As provided in the explanatory Statement to the bill:

> [t]his bill provides for the effective enforcement of the State tax laws as they apply to alcoholic beverage taxes and the taxes collected by alcoholic beverage licensees. The bill provides an exception to the general rule that alcoholic beverage licenses may not be seized for satisfaction of debts to allow the Division of Taxation to seize New Jersey liquor licenses for satisfaction of State tax debts. The largest debt of a liquor licensee may be to the Division of Taxation in the form of taxes, such as sales taxes and employment tax and income tax withholding, that are actually paid

12

>    by customers and employees and that the licensee collects as a trustee for the State.
>
>    The bill also allows the Division of Taxation to share information concerning the State tax liabilities, filings and audits of alcoholic beverage licensees with the Division of Alcoholic Beverage Control, which has among its duties responsibility for protecting the collection of the State taxes on alcoholic beverages and for suspending or revoking alcoholic beverage licenses for failure of a licensee to properly collect or pay taxes.
>
>    [L. 1993, c. 232 (emphasis added)].

Therefore, the Legislature's intent is evident from this Statement that the anti-alienation provisions were amended to allow only the imposition of tax liens on liquor licenses. This narrow exemption was clearly included in order to further tax collection efforts and provide information for the NJ ABC to regulate licensees. The purpose of the amendment is succinctly provided in the Bill Statement following the passage quoted above: "[this Bill] [c]oncerns administration and enforcement of State taxes paid and collected by alcoholic beverage licensees." L. 1993, c. 232.

To date, the New Jersey Legislature has not altered the intent of the 1993 amendment to N.J.S.A. 33:1-26 to allow any private creditors to have a security interest in either a liquor license or the proceeds from the sale thereof. Chris-Don, supra, 367 F. Supp.2d at 702. The 2001 amendments to the UCC had no impact on the language, intent, or the case law interpreting N.J.S.A.

33:1-26, which continues in full force and effect to prevent attachment of the type of security interest United Trust asserts.

Finding that RELM has a valid interest in the proceeds of sale is detrimental to New Jersey not only because a lender's interest in a liquor license is prohibited by statute, but also because of the clear public policy and revenue considerations expressed by the Legislature in creating the tax lien exemption to N.J.S.A. 33:1-26.

Because a liquor license is not property, the UCC does not apply. Therefore, the provisions of N.J.S.A. 12A:9-408(e) are of no effect because N.J.S.A. 33:1-26 is not an inconsistent law. Rather, N.J.S.A. 33:1-26 is a separate, distinct, and specific law pertaining to whether a licensee holds a property interest in a liquor license. Since the licensee does not hold a property interest as stated in the statute, the liquor license is not collateral governed by the UCC.

Surely the Legislature would not have deprived the N.J. Division of this important revenue source without a specific amendment to the ABC Act. The revisions to Article 9 were enacted by many states, including states with different provisions for treatment of liquor licenses. In revising Article 9, however, the New Jersey Legislature clearly did not intend to allow debtors to pledge liquor licenses regulated by the NJ ABC as collateral for

14

loans. The New Jersey ABC Act clearly prohibits a debtor from pledging a liquor license as collateral.

To conclude, under New Jersey law, a liquor license is not property that may be used as collateral for the attachment of a security interest held by a non-taxing authority third party. The 2001 amendments to Article 9 did not amend the longstanding anti-alienation provisions of the ABC Act. As such, the provisions of the UCC do not apply and this Court should find in favor of the Trustee.

## **CONCLUSION**

For the reasons set forth above, the N.J. Division requests that the Court grant the Chapter 7 Trustee's Motion to reclassify, and rule that RELM does not hold a perfected security interest in the proceeds of sale from debtor's liquor license.

        Respectfully submitted,

        JOHN J. HOFFMAN
        ACTING ATTORNEY GENERAL OF NEW JERSEY
        Attorney for State of New Jersey,
        Division of Taxation

        By: /s/ Heather Lynn Anderson
            Heather Lynn Anderson (HLA 3316)
            Deputy Attorney General
            25 Market Street
            P.O. Box 106
            Trenton, New Jersey 08625
            (609) 984-8150

Dated: April 14, 2014